## Joseph Eslick, Appellee, v. Illinois Collieries Company, Appellant.

MINES AND MINERS ACT—*what evidence competent upon lack of knowledge of danger.* Where it appears that the mine owner had kept a book which showed the conditions in the mine from time to time and had without notifying the plaintiff that he had ceased to use such book opened a new book, it is competent for the plaintiff to show that prior to entering the mine upon the day of the accident he had consulted such old book.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed June 28, 1909.

BROWN, WHEELER, BROWN & HAY, for appellant.

T. J. CONDON and ALBERT SALZENSTEIN, for appellee.

PER CURIAM. Appellee brought suit in the Circuit Court of Sangamon county against appellant to recover damages for an injury alleged to have been sustained by him, while working in appellant's coal mine, through the wilful failure of appellant to report an unsafe condition in that part of its mine where appellee was at work, to make a conspicuous mark at such place and to make a daily record of an examination showing such condition. There was a trial had before a jury, which resulted in a verdict in appellee's favor for $300, upon which the court rendered judgment and this appeal was prosecuted.

The evidence tends to show that appellee, who was a miner in appellant's service, having no direct connection with any other character of employment for it, while working in an entry that was apparently safe, suffered injuries alleged to have resulted from unsafe conditions in said entry and that the roof thereof was in fact unsafe.

Appellant first contends that appellee was, at the time of his injury, engaged in the work of making the

alleged dangerous place safe, under the directions of the mine manager; that he had previously done that character of work for appellant, in addition to his work as miner, and looked to the company for extra remuneration for such extra labor and therefore appellee came within that provision of paragraph B of section 18 of Chapter 93, of the Revised Statutes, which in effect provides that no one may be allowed to remain in any part of the mine, or to enter the mine to work therein except under the direction of the mine manager, before all conditions shall have been made safe.

A fair review of the whole evidence does not, in our judgment, support this claim. Appellee was engaged in the ordinary work of a coal miner and only cleaned up falls as they took place from time to time in his own place of labor. This labor he did to facilitate his own work as a miner, but he did not do it under the express or direct instructions of the mine manager for the purpose of rendering a dangerous place safe, nor was it his duty to remove a fall of slate, unless he did it in connection with and in furtherance of his work as a coal digger.

Appellant cites the case of Kellyville Coal Co. v. Bruzas, 223 Ill. 595, in support of the claim that if appellee was at work under the direction of the mine manager at the time of his injury he cannot recover, even though the mine manager had given a general direction to appellee what to do to render the dangerous place safe and was himself not present, over-seeing the work. This case can have no controlling influence here for the reason that appellee was not set to work by appellant's mine manager to render a dangerous place safe, but was expressly told by such manager that he, the manager, would send timber and men to do that work and make the place safe.

Appellant next contends that it was error for the trial court to admit in evidence a book called "the old record," showing the entries by the mine examiner of

appellant as to the condition of the mine prior to July 16, 1907. It was developed by the evidence that this "old book" had been in constant use for many months prior and up to July 16, 1907, and that in such old book the mine examiner had made his entries as to the conditions in said mine for the use and inspection of the miners employed in said mine; that no work had been done in said mine from July 17 to July 22, upon which latter date appellee returned to work in said mine; that in the interim a new book had been substituted for such old book which the miners were expected to consult in its stead. Appellee testified, however, that he had no knowledge that any change of books had been made; that he found and examined the "old book," as he had done for months prior to that time, on the morning of July 22, before he went to work, and upon such examination found no entry made by the examiner after July 16, and found nothing to show that his place of labor was in any way dangerous or unsafe. Under such circumstances the admission of the old book in evidence was not error.

Appellant next insists that the fall in appellee's place of work was not the proximate cause of the injury to appellee. This question was one for the jury under the instructions of the court, and the verdict in this respect does not seem to be unwarranted by the evidence.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*